IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CANTERBURY PARK CAPITAL L.P.
and CANTERBURY PARK CAPITAL
(U.S.) L.P.,

                    Plaintiffs,

      v.

JOSEPH V.R. MICALLEF, RICO
MICALLEF, VINCENT A.
MICALLEF, and ALLEGRO
CORPORATION,

                    Defendants.

No. 03:12-cv-01021-HZ

OPINION & ORDER


Derek D. Green
John F. McGrory, Jr.
Sarah M. Villanueva
DAVIS WRIGHT TREMAINE, LLP
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201-5630

      Attorneys for Plaintiffs

Bruce B. Kelson
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111

1 - OPINION & ORDER

Matthew P. Kanny
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064

Kathryn P. Salyer
TOMASI SALYER BAROWAY
121 SW Morrison Street, Suite 450
Portland, OR 97204-3136

      Attorneys for Defendants
      Joseph V.R. Micallef, Vincent
      A. Micallef and Rico Micallef

Kimberley Hanks McGair
FARLEIGH WADA WITT, PC
121 SW Morrison Street, Suite 600
Portland, OR 97204-3136

      Attorney for Defendant Allegro
      Corporation

HERNANDEZ, District Judge:

      Plaintiffs Canterbury Park Capital L.P. and Canterbury Park Capital (U.S.) L.P. brought

an action in Multnomah County Circuit Court over a shareholder agreement dispute with

Defendants Joseph V.R. Micallef, Rico Micallef, Vincent A. Micallef, and Allegro Corporation.

Defendants removed the state action to this court.  Plaintiffs now move to remand to state court

and request attorney fees for the time spent to bring this motion.  Plaintiffs' motion to remand

and their request for attorney fees are granted.

## BACKGROUND

      Plaintiffs are "limited partnership[s] existing and organized under the laws of Canada."

Notice of Removal of Action, Ex. 1 at 3.  Defendants Joseph V.R. Micallef, Rico Micallef, and

Vincent Micallef are all citizens of Oregon.  Id. at 3-4.  Defendant Allegro Corporation's

principal place of business is in Oregon.  Id. at 4.  On June 7, 2012, Defendants removed the

state action to this court based on diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(a).

Plaintiffs timely filed this motion to remand on June 29, 2012.

## STANDARDS

If a civil action is removable "solely on the basis of" diversity jurisdiction, the action

"may not be removed if any of the . . . defendants [are] citizen[s] of the State in which such

action is brought."  28 U.S.C. § 1441(b)(2).  "A motion to remand the case on the basis of any

defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

of the notice of removal. . . ."  28 U.S.C. § 1447(c).

## DISCUSSION

I.    Motion to Remand

Plaintiffs argue that removal is barred by § 1441(b)(2) because Defendants are citizens of

Oregon, the forum state.  Pls.' Mem. Supp. Mot. Rem., 3.  "Removal based on diversity

jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court."

Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006).  However, when the

defendant is a citizen of the forum state such protection becomes unnecessary.  Id.  Defendants

concede that § 1441(b)(2) generally precludes removal if a defendant is a citizen of the forum

state.  Defs.' Opp'n Mot. Remand, 8.  But Defendants characterize their removal as a

"procedural" defect and argue that the court has discretion to overlook the forum defendant rule.

Id. at 9.  Defendants ask this court to apply its discretion and deny the motion to remand.

"[T]he presence of a local defendant at the time removal is sought bars removal."

Spencer v. U.S. Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004).  However, a "violation" of §

1441(b) "constitutes a waivable non-jurisdictional defect subject to the 30-day time limit

imposed by § 1447(c)." <u>Lively</u>, 456 F.3d at 942.  In <u>Lively</u>, plaintiff did not move to remand,

but the district court remanded *sua sponte*, months after the 30-day time limit had passed.  <u>Id.</u> at

935.  The court of appeals, found that the district court had exceeded its authority under §

1447(c) and vacated the order to remand.  <u>Id.</u> at 942.  Here, Plaintiffs objected to the removal

within the 30-day time limit.  Thus, unlike <u>Lively</u>, Plaintiffs did not waive the "defect" in

Defendants' removal.  Defendants' reliance on <u>Hood Custom Homes, LLC v. Ill. Nat'l Ins. Co.</u>,

No. 08-1506-JE, 2009 U.S. Dist. LEXIS 32060 (D. Or. Apr. 14, 2009) is also misplaced.  In

<u>Hood</u>, the court used its discretion to deny the motion to remand that was "based upon minor

procedural defects which [were] not cured within the removal period." <u>Id.</u> at *15 (procedural

defect occurred when defendant failed to attach two exhibits in the notice of removal).  The

defect in <u>Hood</u> did not involve the forum defendant rule.  Neither <u>Lively</u> nor <u>Hood</u> are directly

applicable to this case.  Defendants have not presented any cases that suggests § 1441(b) is

discretionary when a plaintiff has timely objected to removal.  Plaintiffs' motion to remand is

granted.

## II.    Attorney Fees

Plaintiffs seek costs and expenses incurred as a result of Defendants' removal.  "An order

remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "'Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively

reasonable basis exists, fees should be denied.'"  <u>Gardner v. UICI</u>, 508 F.3d 559, 561 (9th Cir.

2007) (quoting <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005)).  "[W]hether a

removal is improper is not dispositive in determining whether fees should be awarded under 28

4 - OPINION & ORDER

U.S.C. § 1447(c).  Rather, the standard for awarding fees . . . turn[s] on the reasonableness of the removal."  Id. at 562 (quotation omitted).

On June 15, 2012, Plaintiffs advised Defendants that removal was improper because of § 1441(b) and requested that Defendants remand the case to state court.  Decl. of Matthew P. Kanny Supp. Defs.' Opp'n ("Kanny Decl.") Ex. C at 2.   Plaintiffs also warned that they would seek fees if "forced to file a motion for remand."  Id.  On June 18, 2012, Plaintiffs reiterated their position that Defendants' removal was improper because of § 1441(b).  Decl. of John F. McGrory, Jr. Supp. Pls.' Reply ¶ 4.  On June 20, 2012, Plaintiffs contacted Defendants again to discuss the removal issue.  Id. at ¶¶ 5-6.  On June 22, 2012, Defendants explained their position on the issue and responded unequivocally that  "[Defendants] will not agree to remand the action."  Kanny Decl. Ex. D at 3.

Plaintiffs alerted Defendants to the improper removal before filing their motion to remand.  Defendants have not presented any persuasive authority to justify their position on § 1441(b).  Therefore, the request for costs and expenses is granted.

## CONCLUSION

Plaintiffs' motion to remand [#10] is granted.  This action is remanded to state court and Plaintiff is awarded costs and expenses incurred in the filing of this motion.

IT IS SO ORDERED.

Dated this _____ day of October, 2012.


MARCO A. HERNANDEZ
United States District Judge